## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RICHARD P. BOONE,**              CASE NO. 1:22 CV 1363

     Petitioner,

     v.                              JUDGE CHARLES E. FLEMING

**STATE OF OHIO, et al.,**

     Respondents.                    **MEMORANDUM OPINION**
                                        **AND ORDER**

     *Pro se* petitioner Richard P. Boone is presently incarcerated at Lake Erie Correctional Institution.  On August 2, 2022, Boone filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF Nos. 1, 5) concerning his conviction in the Lorain County Court of Common Pleas (Case No. 15CR091434).

     Promptly after the filing of a petition for a writ of habeas corpus, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 in the United States District Court.  If so, the petition must be summarily dismissed.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face).  No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response.  *Id.*  The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions.  *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A federal district court may entertain a habeas petition filed by a person in State custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  But before a federal court will review the merits of a petition for a writ of habeas corpus, a person must exhaust his state-court remedies.  *Manning v. Alexander*, 912 F.2d 878, 880–81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c)); *see also Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)).

Exhaustion is fulfilled once a State supreme court provides a convicted person a full and fair opportunity to review his claims on the merits.  *Id.*  (citing, among other authorities, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302–03, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984)).  Exhaustion requires "fair presentation" of the federal claim "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734–35 (6th Cir.2011); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To fairly present a federal claim, a petitioner must present the state courts with "both the legal and factual basis" for the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015).  The petitioner bears the burden of establishing that he has properly and fully exhausted his available State court remedies with respect to his habeas claims for relief.  *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, there is no suggestion in the petition that Boone appealed from the judgment of conviction, sought review by a higher state court, or filed any other petitions, applications, or motions concerning this judgment of conviction in any state court.  Upon the Court's review of the Lorain County Court of Common Pleas docket, however, the Court finds that Boone appealed the judgment to the Ninth District Court of Appeals on March 25, 2022, and that appeal is still pending.  Because

2

Boone has not given the State courts a fair opportunity to consider the merits of the claims presented in this petition, he has not properly exhausted his state-court remedies.  The Court must therefore dismiss the petition filed under Section 2254.

Accordingly, the Court DISMISSES the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 WITHOUT PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 cases. Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: September 16, 2022

_____
CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE

3