IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD P. BOONE,**                   CASE NO. 1:22 CV 1363

    Petitioner,

    v.                                          JUDGE CHARLES E. FLEMING

**STATE OF OHIO, et al.,**

                                                         **ORDER**

    Respondents.

Before the Court is Petitioner Richard Boone's Motion for Reconsideration of Case Dismissal (ECF No. 9) and Motion to Supplement the Record with an Affidavit of Factual Support and Documents in Support of Petitioner's Civ. R. 60(b) Motion for Reconsideration (ECF No. 10). For the reasons more fully explained below, both Motions are DENIED.

## BACKGROUND

This mater was dismissed on September 16, 2022, pursuant to a Memorandum Opinion and Order (ECF No. 7) and Judgment Entry (ECF No. 8), for Petitioner's failure to exhaust state-court remedies prior to seeking a Writ of Habeas Corpus in this case. (*See* ECF No. 7, PageID# 26–27). Specifically, Petitioner appealed his conviction to the Ninth District Court of Appeals on March 25, 2022, and that matter remains pending. (*Id.* at PageID# 26).

On October 28, 2022, Petitioner filed his Motion for Reconsideration of Case Dismissal (ECF No. 9). Petitioner's Motion requests relief from this Court's September 16, 2022 Dismissal Entry, which argues the merits of his Petition: Petitioner argues that the child support debt that lead to his conviction had been forgiven in state court, that his sentence was in excess of the statutory maximum,

that his attorney's performance during the currently pending appeal constitutes ineffective assistance of counsel, and that, in light of Petitioner's release on November 18, 2022, he is unlikely to obtain relief from his wrongful conviction in state court. (*See* ECF No. 9). On December 7, 2022, without leave of Court, Petitioner sought to supplement the record with several documents, including (1) his expiration of sentence certificate, which requires Petitioner to pay the child support arrears for which he was convicted; (2) a notice from FirstMerit Bank, dated May 7, 2003, that it placed a hold on Petitioner's account because of the Child Support Order; (3) a Child Support Billing Summary, showing monthly payments due on September 30, 2022; (4) an Order and Affidavit forgiving all child support arrears owed as of February 21, 2018; and (5) a Termination of Support letter from the State of Ohio dated May 2, 2017.

Although captioned as a Motion for Reconsideration, Petitioner's Motion states that it is made pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;
> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) The judgment in void;
> (5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) Any other reason that justifies relief.

"Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (quoting 28 U.S.C. §

2254 Rule 11; Fed. R. Civ. P. 81(a)(2)). Notably, § 2254 "sharply restrict[s] federal courts' ability to consider and grant 'second or successive' habeas petitions." *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)). "A petitioner's Rule 60(b) motion is a 'second or successive' habeas application 'when it seeks vindication of or advances one or more claims." *Id.* (quoting *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005); *Gonzalez*, 545 U.S. at 531–32 (internally quotations omitted)). For the purposes of Petitioner's Motion, a "claim" is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* (quoting *Gonzalez*, 545 U.S. at 531). Therefore, when "a habeas petitioner's Rule 60(b) motion . . . seeks to add a new ground for relief or seeks to present new evidence in support of a claim already litigated," the motion is a "second or successive" habeas application precluded by § 2254. *Id.* (quoting *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016)). Conversely, when a Rule 60(b) motion "merely asserts that a previous ruling which precludes a merits determination was in error—for example, a denial for such reasons as failure to exhaust, . . ." the motion is not construed as a "second or successive" habeas petition and should be considered under a traditional Rule 60(b) analysis. *Id.* (quoting *Post*, 422 F.3d at 424).

Here, while Petitioner's Motion recites the procedural posture of this case (including the Court's dismissal for failure to exhaust state-court remedies), the thrust of the Motion and the proposed supplement relate to the claims alleged in Petitioner's initial habeas petition, and asserts additional claims relating to Petitioner's counsel's ineffective assistance during the pendency of Petitioner's ongoing appeal. These are the types of "second or successive" applications that are barred by § 2254 and unavailable to Petitioner under Rule 60(b). Petitioner's Motion also fails to argue for relief under any of the grounds listed in Rule 60(b), and provides no further information or evidence suggesting that this Court's dismissal of Petitioner's habeas petition was improper.

Petitioner's Motion for Reconsideration does not address the grounds for dismissal stated in this Court's Memorandum Opinion and Order and Judgment Entry, which was Petitioner's failure to exhaust state-court remedies prior to filing his petition.  As stated in the Memorandum Opinion and Order, exhaustion of state-court remedies requires the state supreme court to have an opportunity to review a habeas petitioner's claims on the merits.  *Manning v. Alexander*, 912 F.2d 878, 880–81 (6th Cir. 1990) (*see* ECF No. 7, PageID# 26).  In this case, Petitioner's appeal with the Ninth District Court of Appeals remains pending, and therefore, the Ohio Supreme Court has not yet had the opportunity review Petitioner's claims on the merits.  Accordingly, dismissal for failure to exhaust state-court remedies was proper, and Petitioner's Motion for Reconsideration is DENIED.

Finally, since Petitioner's Motion for Reconsideration is a "second or successive" habeas petition under § 2254, its filing is barred as a matter of law.  It follows, then, that the Motion to Supplement Petitioner's Motion for Reconsideration is likewise barred, and it is therefore also DENIED.

IT IS SO ORDERED.

Date: December 20, 2022

*[signature: Charles Fleming]*

CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE